UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH VAUGHN,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA,<br><br>        Defendant. | Case No.: 2:23-cv-01187-RFB-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's *in forma pauperis* application and Complaint. ECF Nos. 1, 1-1. In his Complaint Plaintiff asserts that the State of Nevada violated his rights under 42 U.S.C. § 1983, the "Treaty of Peace and Friendship 1786/1836," and 15 U.S.C. § 3. ECF No. 1-1 at 3. Plaintiff says these violations occurred as a result of his arrest and prosecution by the State of Nevada in November 2021. *Id.* at 4.

**I.   SCREENING THE COMPLAINT**

Under the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Id.* However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the

non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. DISCUSSION

The Eleventh Amendment bars citizens from suing a state. U.S. CONST. amend. XI. The United States Supreme Court holds that 42 U.S.C. § 1983 does not constitute an abrogation of a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Absent waiver, a state is not subject to suit under Section 1983. *Id.*; *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Nevada has declined to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). Thus, Plaintiff's claims against the State of Nevada are constitutionally barred and his Complaint must be dismissed. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's *in forma pauperis* application (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against the State of Nevada be dismissed with prejudice.

DATED this 27th day of July, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).